**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SHATIKA DIX [6]** | ) | |
| **QUINICE CROSS [10]** | ) | |
| **LAMONT COTTON [11]** | ) | **No. 3:11-00012** |
| **DEMETRIUS DUNCAN [14]** | ) | **Judge Sharp** |
| **JERRY DINKINS [16]** | ) | |
| **CORNEL OLIVER [21]** | ) | |
| **ALTO PARNELL [22]** | ) | |
| **JAMES FARLEY [25]** | ) | |
| **CHRIS YOUNG [27]** | ) | |
| **DMITRI JOHNSON [28]** | ) | |
| **DERRICK CAMPBELL [29]** | ) | |
| **BLAKE WRIGHT [30]** | ) | |
| **RAY OZEN [31]** | ) | |
| **DEZORICK FORD [32]** | ) | |

## OMNIBUS ORDER

This action, which began as a six-count Indictment against 28 Defendants, expanded to a twenty-count, 32 Defendant case by virtue of a Superseding Indictment returned on April 17, 2013. Presently, there are fourteen remaining Defendants, three of whom are capital-eligible Defendants. In an effort to manage this case going forward and to address some of the motions that have been filed, the Court enters this Omnibus Order.

**(1)** The three capital eligible Defendants, Jerry Dinkins [16], Cornel Oliver [21], and Blake Wright [30], have filed a Motion to Continue the Trial Date and All Related Deadlines (Docket No. 1572). By way of that Motion, these Defendants request that they be given until March 6, 2014, to investigate and to prepare and present a case in mitigation to the Department of Justice. They also request that any trial be set some six months after that deadline. This Motion is GRANTED, and

1

those Defendants will be given until March 6, 2014, to conduct an appropriate investigation and present their case in mitigation. The trial as to those Defendants is hereby CONTINUED to be RESET at a later date.

In setting a separate trial for the capital eligible Defendants, the Court recognizes that it is effectively severing their case from those of the remaining Defendants. The Court also recognizes that, "as a general rule, persons jointly indicted should be tried together." United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (citation and internal quotation marks omitted). However, Rule 14(a) of the Federal Rules of Criminal Procedure permits severance of trials when it appears that a defendant or the government would be prejudiced by joinder, Fed. R. Crim. P. 14(a), and "[a]lthough the rule is silent as to the trial court's authority to grant a severance *sua sponte*, this power has been recognized." United States v. McManus, 23 F.3d 878, 882–83 (4th Cir.1994); see, United States v. Casamento, 887 F.2d 1141, 1151 (2nd Cir. 1989) ("district judges must retain a considerable degree of discretion in determining whether, on balance, the fair administration of justice will be better served by one aggregate trial of all indicted defendants or by two or more trials of groups of defendants."); United States v. Nachamie, 101 F. Supp.2d 134, 151 (S.D.N.Y. 2000) ("A court has the inherent power to sever trials in the interest of efficient judicial administration.").

"Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" Zafiro v. United States, 506 F.3d 534, 540 (1993) (citation omitted). But, there is also a compelling interest in prompt trials." Flanagan v. United States, 465 U.S. 259, 265 (U.S. 1984); indeed, the Sixth Amendment protects that right, however "'amorphous,' 'slippery,' and 'necessarily relative,'" Vermont v. Brillon, 129 S.Ct. 1283, 1291

2

(2009), that may be. <u>See</u>, <u>United States v. Caver</u>, 470 F.3d 220, 238 (6th Cir. 2006) ("Society has an interest in speedy and efficient trials[.]")

In this case, the majority of the Defendants have been under charges and many have been detained since shortly after the Criminal Complaint was filed on December 9, 2010, and/or the original Indictment was returned on January 12, 2011. More than 2 ½ years have passed since that time, and some of the Defendants have filed objections to any further continuances. The Court finds that, to the extent it is practicable, it is in the interest of justice to retain the trial dates that have been previously set as to the non-capital eligible Defendants.

**(2)** Defendant Chris Young [27] has filed a Renewed Motion for Speedy Trial or Dismissal of Indictment in which he points out that "[h]e has been now been detained for two and one-half years without a tria." and "objects to continuing his case any longer beyond August 6, 2013." (Docket No. 1579 at 2). Similarly, Defendant Alto Parnell [22] has filed a Motion for Speedy Trial in which he points out that he has been in continuous custody for "914 days" (as of June 14, 2013), that "he has insisted upon his innocence," and that "[t]his matter is set for trial on August 6, 2013 and it is the defendant's wishes to be tried on that date." (Docket No. 1580). In light of the Court's finding that it is in the interest of justice to adhere to the trial dates previously established for the non-capital eligible Defendants, the Court hereby CONFIRMS the August 6, 2013 trial date. Thus, to the extent that those two Defendants request that they be tried on that date, their Motions (Docket Nos. 1579 & 1580) are hereby GRANTED.

**(3)** In addition to Defendants Young and Parnell, Defendants Shatika Dix [6], Lamont Cotton [11], Demetrius Duncan [14], and James Farley [25] are scheduled for trial on August 6, 2013 (Docket No. 1415), and by Order entered contemporaneously herewith, the remaining non-

capital eligible Defendants – Derrick Campbell [29], Ray Ozen [31], and Dezorick Ford [32] – are set for trial on that same date. In confirming the August 6, 2013 as to some Defendants, and setting it as to others, the Court recognizes that this may be impracticable for those Defendants who were added by the return of the Superseding Indictment. In fact, Defendant Derrick Campbell has filed a Motion to Continue Trial or to Sever (Docket No. 1581) because of the voluminous discovery which has been provided in this case and counsel's inability to adequately prepare by August 6, 2013. Additionally, Defendant Shatika Dix [6] filed a Motion to Continue or to Sever (Docket No. 1550) based upon counsel's trial schedule, but then filed a Motion to Strike (Docket No. 1575) that filing based upon the request for a continuance filed by the capital-eligible Defendants. The Motion to Strike (Docket No. 1575) is hereby GRANTED, and the Motion to Continue or Sever (Docket No. 1550) is hereby STRICKEN, although the Court understands from those filings that Defendant Dix seeks to continue her trial based upon counsel's schedule. The Court will address this request at the status conference to be held in this case. The Court will also address Defendant Campbell's Motion to Continue Trial.

(4)  Finally in regard to trial settings, by previous Order of Judge Wiseman (Docket No. 1169) the case as to Defendant Quinice Cross (Docket 1169) is set for a jury trial on July 16, 2013 at 10:00 a.m. That trial date is hereby CONFIRMED, but the case will begin at 9:00 a.m., instead of 10:00 a.m. A final pretrial conference in that case will be held at 2:30 p.m. on Friday, July 12, 2013.

(5) For those scheduled for trial on August, 6, 2013, the Court will hold a status conference at 1:30 on Thursday, July 11, 2013. During the course of that conference, the Court will discuss, among other things, the following:

4

**(a)** Whether an Order should be entered along the lines of Judge Trauger's Order in <u>United States v. Newsome</u>, Crim. No. 3:10-00163 (Docket No. 1365-2), requiring the Government to display in the courtroom all exhibits to be used in its case-in-chief, and requiring counsel to review those exhibits and certify such review well before trial, and, if so, the date for that review.

**(b)** The propriety of, and a deadline for, requiring the government to furnish to all parties and the Court a list of the witnesses, with exhibits to be used with each witness, in the order in which the government anticipates they will be called to testify at trial.

**(c)** The deadline for the submission by the parties of an agreed-upon synopsis of the charges against each Defendant for the Court's use during *voir dire*.

**(d)** The timeline for the exchange of proposed instructions and for submitting to the Court an agreed set of instructions and verdict forms.

**(e)** Defendant Demetrius Duncan's Motion for Additional Peremptory Challenges (Docket No. 1367), including whether Defendants shall have additional challenges, and, if so, the amount and distribution thereof.

**(f)** Defendant Demetrius Duncan's Motion to Prevent Collective References to the Defendants (Docket No. 1375) by which he seeks an Order "preventing the government and/or its witnesses from referring to the defendants collectively unless a common fact applies to every defendant."

**(g)** Defendant Demetrius Duncan's Motion for Pretrial Identification of Recordings to be Used in Government's Case-in-Chief (Docket 1371), and the need

5

and timeline for any such pretrial disclosure.

(h) Defendant Demetrius Duncan's "Motion for Equal Access to Exhibits" (Docket No. 1373) by which he seeks an Order requiring the government to provide Defendants access to all exhibits that are reduced to digital/computer form, so that the parties have an equal opportunity to present and display evidence before the jury.

(i) Defendant Demetrius Duncan's "Motion for Daily Transcript" (Docket No. 1376) by which he seeks daily transcripts during the trial of this case.

(j) Defendant Chris Young's Motion for Early Disclosure of *Jencks* Act Material (Docket No. 1358) by which he seeks such disclosure at least thirty days (30) days before trial. Given the complexity of the case, it seems clear that disclosure long before trial is appropriate, but the Court will wait to hear the Government's position on this matter. Relatedly, the Court will discuss with the parties the deadline for the Government to disclose any *Brady* material that it has in its possession.

(k) Defendant Chris Young's Motion to Reveal Statements (Docket No. 1356) by which he seeks to require the government to reveal any statements the government intends to use as co-conspirator statements as defined by Fed. R. Evid. 801(d)(2)(E).

(l) The Motions to Sever filed by Defendants Lamont Cotton (Docket No. 1363) and Chris Young (1357), to which the Government has not responded in opposition.

(6) Further in relation to those set for trial on August 6, 2013, the Court enters the following rulings:

(a)  Defendant Demetrius Duncan's Motion to Permit Use of Computers, Tablets and Similar Electronic Devices in Courtroom During Trial (Docket No. 1370) is hereby GRANTED, and ALL COUNSEL and their SUPPORT STAFF are hereby AUTHORIZED to utilize computers, tablets and similar electronic devices, EXCEPT to the extent that those devices interfere with Bluetooth utilized by the Court Reporter for realtime reporting.

(b) Defendant Demetrius Duncan's Motion for Disclosure of Other Act Evidence (Docket No. 1369) is hereby GRANTED, and the Government SHALL PROVIDE EACH DEFENDANT notice of the nature of any Fed. R. Evid. 404(b) evidence that it intends to offer at trial at least fourteen (14) days before trial.

(7) As final housekeeping matters, (a) The Motion for Disclosure of *Brady* Material (Docket No. 820) filed by Defendant Jonathan Johnson [20] is DENIED AS MOOT; (b) the Motions for Leave to Join in Certain Pretrial Motions filed by Defendant Demetrius Duncan (Docket No. 1379) and Defendant Chris Young (Docket No. 1366) are hereby GRANTED; and (c) and Defendant Chris Young's Motion for Final Pre-Trial or Status Conference is hereby DENIED AS MOOT.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE