UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| SHATIKA DIX [6] | ) | |
| QUINICE CROSS [10] | ) | |
| LAMONT COTTON [11] | ) | No. 3:11-00012 |
| DEMETRIUS DUNCAN [14] | ) | Judge Sharp |
| JERRY DINKINS [16] | ) | |
| CORNEL OLIVER [21] | ) | |
| ALTO PARNELL [22] | ) | |
| CHRIS YOUNG [27] | ) | |
| DMITRI JOHNSON [28] | ) | |
| DERRICK CAMPBELL [29] | ) | |
| BLAKE WRIGHT [30] | ) | |
| RAY OZEN [31] | ) | |
| DEZORICK FORD [32] | ) | |

# ORDER

In accordance with the discussions at the status conference in this case on July 11, 2013, the Court confirms the following rulings:

(1) The jury trial in this case as to Defendants Chris Young [27], Alto Parnell [22], Demetrius Duncan [14], and Lamont Cotton [11] will commence at 9:00 a.m. on August 6, 2013, as previously scheduled.

(2) The Motions to Sever filed by Defendant Lamont Cotton [11] (Docket No. 1363), Demetrius Duncan [14] (Docket No. 1586), and Chris Young [27] (Docket No. 1357) are hereby DENIED.

(3) The Motion for Continuance filed by Defendant Derrick Campbell [29] (Docket No. 1581) is hereby GRANTED, and the oral requests for continuances by counsel for Dezorick Ford

[32] and Ray Ozen [31] are hereby GRANTED.

(3) Defendants Dezorick Ford [32] and Ray Ozen [31] will be jointly tried. The trial in the case of those Defendants will be set by separate Order.

(4) Counsel Stephanie H. Gore's oral request for a continuance on behalf of Defendant Shatika Dix [6] is hereby GRANTED. However, both Michael E. Terry and Stephanie H. Gore are court-appointed attorneys for Ms. Dix and are listed as counsel of record. In moving to be excused from the status conference, Mr. Terry represented that "Ms. Gore is counsel of record, is completely familiar with the file and the client, and can make any scheduling commitments and/or decisions necessary to advance the case." (Docket No. 1616). Nevertheless, Ms. Gore indicated at the status conference that she could not possibly be prepared for trial on August 6, 2013:

> MS. GORE: . . . I'm not in any position at this point in time to try the case on August 6th. Mr. Terry is appointed counsel.
>
> THE COURT: But you said you knew the case and you were -- right? Wasn't that his affidavit? Was you're involved in the case as well.
>
> MS. GORE: I am involved in the case as well but I'm involved in the case enough to appear here at the status conference for him. For me to handle the trial on August 6th, I would not be prepared to handle Ms. Dix trial at this point on August 6th. No, sir.

(7/12/13 Tr. at 25). Later in the conference, Ms. Gore state that "Mr. Terry is the one that has reviewed all of the discovery in this case. It's his appointed case." (Id. at 50).

The Court is concerned with the apparent conflicting representations and, in any event, a lawyer appointed as counsel should be prepared to try the case when scheduled. Nevertheless, the Court allows the requested continuance because it is in the interest of justice for Ms. Dix to be represented at trial by an attorney who is prepared and able to provide effective assistance of counsel as required by the Sixth Amendment.

2

(5) Defendants Derrick Campbell [29] and Shakita Dix [6] will be jointly tried. The trial in the case as to those Defendants will be set by separate Order.

(6) With respect to those Defendants proceeding to trial on August 6, 2013 the Court issues the following rulings:

    (A) On Friday, July 26, 2013, at 9:00 a.m., the Government shall display on tables in Courtroom A826 copies (or photographs in the case of weapons and/or drugs) of all exhibits to be used in the Government's case-in-chief at trial. All defendants and defense counsel shall review all of the Government's exhibits on this day and shall file a certification that they have so reviewed the exhibits.

    (B) On or before ten (10) days before the date of trial, the Government shall furnish to all parties and the Court a list of the witnesses, with exhibits to be used with each witness (to the extent then known), in the order in which the government anticipates they will be called to testify at trial. This requirement is limited to the Government's good faith expectations as of that date and does not preclude the possibility of some changes as the case progresses.

    (C) On or before ten (10) days before the date of trial, the parties shall submit an agreed-upon synopsis of the charges against each Defendant for the Court's use during *voir dire*.

    (D) On or before ten (10) days before the date of trial, the parties shall exchange proposed instructions and verdict forms and at least five (5) days before trial shall submit to the Court an agreed set of instructions and verdict forms to the extent agreement can be reached.

(E) Defendant Demetrius Duncan's Motion for Additional Peremptory Challenges (Docket No. 1367), is hereby GRANTED and the Defendants are hereby GRANTED thirteen (13) peremptory challenges to be allocated among the Defendants as they so choose, PROVIDED HOWEVER, that if the Defendants cannot amicably arrive at a decision allocating the peremptory challenges, they will each be allocated three (3) peremptory challenges for a total of twelve (12) peremptory challenges. The Government will be allocated eight (8) peremptory challenges - a number proportionate to that given to Defendants.

(F) Defendant Demetrius Duncan's Motion to Prevent Collective References to the Defendants (Docket No. 1375) by which he seeks an Order "preventing the government and/or its witnesses from referring to the defendants collectively unless a common fact applies to every defendant" is hereby GRANTED.

(G) Defendant Demetrius Duncan's Motion for Pretrial Identification of Recordings to be Used in Government's Case-in-Chief (Docket 1371) is hereby GRANTED and such identification shall be provided on or before ten (10) days before trial.

(H) Defendant Demetrius Duncan's "Motion for Equal Access to Exhibits" (Docket No. 1373) is hereby DENIED AS MOOT because the Government has represented that it will allow its staff to be called upon by Defendants to display exhibits that the Government will be using at trial.

(I) Defendant Demetrius Duncan's "Motion for Daily Transcript" (Docket No. 1376) is hereby DENIED. However, the Court will consider the need for daily

or partial transcripts as the case progress and upon the specific request of a party.

(J) Defendant Chris Young's Motion for Early Disclosure of *Jencks* Act Material (Docket No. 1358) by which he seeks such disclosure at least thirty days (30) days before trial is DENIED. However, the Government has indicated that it intends to disclose such material in advance of a witnesses' testimony, and the Court leaves it to the Government to use its best judgment to balance the needs of the Defendants against its interest in protecting witnesses.

(K) On or before seven (7) days before trial, the Government shall disclose any *Brady* material that it has in its possession and that has not yet been disclosed.

(L) Defendant Chris Young's Motion to Reveal Statements (Docket No. 1356) by which he seeks to require the Government to reveal any statements the Government intends to use as co-conspirator statements as defined by Fed. R. Evid. 801(d)(2)(E) is hereby GRANTED and, to the extent that it is not *Jencks* Act material, the Government shall disclose such statement on or before seven (7) days before trial.

(7) For those proceeding to trial on August 6, 2013, the Court will hold a final pretrial conference on Friday, August 2, 2013, at 2:30 p.m.

It is SO ORDERED.

---
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

5