PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Shatika Dix　　　　　　　　　　Docket No. 0650 3:11CR00012 - 6

### Petition for Action on Conditions of Pretrial Release

COMES NOW Angela D. Rankin, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Shatika Dix who was placed under pretrial release supervision by the Honorable E. Clifton Knowles, U.S. Magistrate Judge sitting in the Court at **Nashville, Tennessee**, on December 17, 2010, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page three of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Angela D. Rankin  /s/ Angela Rankin　　Nashville, TN　　March 31, 2014
U.S. Pretrial Services Officer　　Place:　　Date:

**Next Scheduled Court Event**　　Sentencing Hearing　　August 18, 2014
　　　　　　　　　　　　　　　　Event　　　　　　　　　　Date

## PETITIONING THE COURT

☐ No Action　　　　　　☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant　　☐ Other

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
　☐ Sealed Pending Warrant Execution
　　(cc: U.S. Probation and U.S. Marshals only)
☐ Other

☑ A Hearing on the Petition is set for

April 8, 2014　　1:30 p.m
Date　　　　　　Time

Considered and ordered this 1st day of April, 2014, and ordered filed and made a part of the records in the above case.

/s/ Kevin H. Sharp
Honorable Kevin H. Sharp
U.S. District Judge

**Special Conditions of Release:**

Please see the attached Order Setting Conditions of Release.

On December 17, 2010, Shatika Dix appeared before the Honorable E. Clifton Knowles, U.S. Magistrate Judge, for a Detention Hearing pursuant to being charged with violating 21 U.S.C. §§ 841(a)(1) and 846; Conspiracy to Distribute Cocaine and Cocaine Base. She was released on that date on bond with pretrial supervision under the conditions attached to this document, and she was released to the third party custody of her mother, Denise Poindexter.

Subsequent to the defendant's release, this officer referred the defendant to Centerstone, Madison, Tennessee, for an alcohol and drug assessment. She was also placed in Phase II of the Code-A-Phone Program, whereby a defendant calls the Probation/Pretrial Services Office daily to see whether she/he needs to report for a random urine screen. Ms. Dix was terminated on November 17, 2011, as per Centerstone's recommendation, and advised that the defendant's treatment was moderately successful as she missed a few sessions.

On December 20, 2010, the defendant reported to the U.S. Probation Office for a post release intake interview. She also submitted a urine screen at the request of this officer. The specimen tested positive for marijuana. The defendant admitted to using marijuana on or about December 10, 2010, prior to her arrest for the instant offense.

Defendant Dix appeared before Your Honor and entered a guilty plea on July 22, 2013. The sentencing hearing was scheduled for October 25, 2013. On October 15, 2013, a motion was entered by counsel to continue sentencing. The Court granted the motion and the case was rescheduled for January 27, 2014. On January 23, 2014, counsel once again filed a motion to continue sentencing. The Court granted the motion, and the case was rescheduled for March 10, 2014. Counsel filed a motion on March 4, 2014, asking the Court to once again continue sentencing. The Court granted the motion, and the case was rescheduled for April 2, 2014. On March 25, 2014, counsel filed yet another motion for continuance. The Court granted the motion, and the case was rescheduled for August 18, 2014.

**VIOLATIONS:**

**Condition (p) Failure to refrain from use or unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner.**

On March 17, 2014, the defendant submitted a urine screen which tested positive for marijuana. The defendant denied using the illegal substance, and signed the drug testing form stating that she disagreed with the positive results. This officer sent the specimen to Alere Laboratories, Gretna, Louisiana, and confirmation was received from Alere with positive results for marijuana.

**Actively seek and maintain verifiable employment.**

Defendant Dix has been on pretrial services supervision since December 2010, and has remained chronically unemployed throughout most of her supervision. She worked briefly, from approximately March 2012 through October 2012, at Jenkins and Wynn Automobile Dealership detailing and washing vehicles. Otherwise, she has remained unemployed.

**Respectfully Petitioning the Court as Follows:**

The U.S. Probation and Pretrial Services Office would respectfully request that a hearing be held before the Court so the defendant may show why her pretrial release should not be revoked. Assistant U.S. Attorney Sunny Koshy has been contacted and concurs with this recommendation.

Signed: *[signature]*
Angela D. Rankin
U.S. Probation and Pretrial Services Officer

Approved: *[signature]*
Vidette Putman
Supervisory U.S. Probation and Pretrial Services Officer

cc: AUSA Sunny Koshy
    Defense Counsels, Stephanie Gore and Michael Terry

Attachment

# UNITED STATES DISTRICT COURT

__MIDDLE__      District of      __TENNESSEE__

United States of America

V.

__SHATIKA DIX__

Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number:   10-2116-6 MK

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                                                              Place

_____ on _____
                           Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   The defendant promises to appear at all proceedings as required and to surrender

(   )   The defendant executes an unsecured bond binding the defendant to pay
        _____ dollar ( _____ )
        in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL     SERVICES     U.S. ATTORNEY     U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ✓ )(6)  The defendant is placed in the custody of:
(Name of person or organization)   **Denise Poindexter**
(Address)   **302 Gomer Rd.**
(City and state)   **Clarksville, TN 37212**   (Tel. No.)  **931-809-5548**

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _Denise M. Poindexter_  12·17·2010
Custodian or Proxy      Date
931-809-5548

( X )(7)  The defendant shall:
(✓)(a)  report to the  **U.S. Pretrial Services as directed**,
telephone number  **(615) 736-5771**, not later than _____.
( )(b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( )(c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
( )(d)  execute a bail bond with solvent sureties in the amount of $ _____.
(✓)(e)  maintain or actively seek employment.  **verifiable**
(✓)(f)  maintain or commence an education program.
( )(g)  surrender any passport to: _____
( )(h)  obtain no passport.
(✓)(i)  abide by the following restrictions on ~~personal association, place of abode,~~ or travel: **restricted to MD TN without prior approval of Pretrial Services**
( )(j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, ~~including but not limited to:~~ _____
(✓)(k)  undergo ~~medical or psychiatric treatment and/or remain in an institution as follows:~~  **mental health treatment as directed by Pretrial Services**
( )(l)  return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
(✓)(m)  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
(✓)(n)  refrain from possessing a firearm, destructive device, or other dangerous weapons.
(✓)(o)  refrain from   ( ) any   ( ) excessive use of alcohol.
(✓)(p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(✓)(q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
(✓)(r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
(✓)(s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing ~~or electronic monitoring which is (are) required as a condition(s) of release.~~
( )(t)  participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
    ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____ , or ( ) as directed by the pretrial services office or supervising officer; or
    ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
    ( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
(✓)(u)  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
(✓)(v)  **band within 48 hours.**
(✓)(w)  **Permit Pretrial Services to visit at home or elsewhere and permit confiscation of any contraband in plain view.**
(✓)(x)  **Reside with Denise Poindexter at the above address.**

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant
SHTIKA Dix

### Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: December 17, 2010

_____
Signature of Judicial Officer

E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

All conditions have been read & explained to me by USPO Rankin.
Signed: [signature]
Date: Dec. 20, 2010